**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| OUSSEYNOU DIOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03250-MBB |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Ousseynou Diop petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2). He asks the Court to order the Government to provide such a hearing or immediately release him. (***Id.*** at pp. 16-17). Because Petitioner's detention does not violate procedural due process, substantive due process, or the Administrative Procedure Act (the "APA"), the petition is DENIED.

## Background

Petitioner, a citizen of Senegal, entered the United States illegally in October of 2023. (**Doc. 1**, p. 5); (**Doc. 1-2**, p. 3). DHS gave Petitioner a notice to appear, which identified him as an "alien present in the United States who has not been admitted or paroled." (**Doc. 1-1**, p. 2). DHS charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered him to appear before an immigration judge. (***Id.***). DHS released Petitioner on his own recognizance pending removal proceedings. (**Doc. 1**, p. 5); (**Doc. 1-2**, p. 3). On November 25, 2024, Petitioner filed an application for asylum. (**Doc. 1-3**, p. 1). On February 4, 2026, DHS arrested Petitioner and detained him without bond. (**Doc. 1**, pp. 5-6); (**Doc. 1-2**, p. 5). He remains detained under 8

U.S.C. § 1225(b)(2)(A) pending removal proceedings.  (**Doc. 1**, p. 8); (**Doc. 1-2**, p. 5); (**Doc. 3**, p. 3).

On April 28, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that because he is not a flight risk or a danger to the community, his mandatory detention is unlawful.  (***Id.*** at p. 12).  He argues that DHS owed him notice and an individualized hearing before revoking his release.  (***Id.*** at p. 14); (**Doc. 4**, p. 2).  Petitioner alleges violations of procedural due process, substantive due process, and the APA.  (**Doc. 1**, at pp. 12-16).  The Government counters that Petitioner, as an "applicant for admission," is only entitled to the procedural due process provided by Congress in Section 1225(b)(2)(A).  (**Doc. 3**, p. 4).  And Petitioner's substantive due process claim fails because mandatory detention pending removal proceedings does not implicate a fundamental right.  (***Id.*** at p. 9).  The Government argues that Petitioner's APA claim fails because the relevant statutory scheme allows revocation of release and detention.  (***Id.*** at pp. 12-14).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025).  *See also **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings is not contrary to procedural due process or substantive due process. And relief is not available under the APA.

**I.      Petitioner's continued detention does not violate procedural due process.**

To determine whether the Government has given Petitioner due process, the Court will first address his mandatory detention under Section 1225(b)(2)(A). The Court will then analyze the merits of his procedural due process claim.

**A. Petitioner is properly detained without bond under Section 1225(b)(2)(A).**

Petitioner argues that his detention under Section 1225(b)(2)(A) is inappropriate. (**Doc. 1**, p. 13). That section says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. Petitioner is properly detained under Section 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. And no immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See id.*

**1.  Petitioner is an "applicant for admission."**

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021).

Petitioner, a citizen of Senegal, was detained at the border in 2023. He was placed in removal proceedings. He was released into the country pending those proceedings, which are ongoing. His release did not bestow lawful admission. *See **Sanchez**,* 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). Petitioner is present in the United States without having "made lawful entry into the country." *See **Avila**,* 170 F.4th at 1133. He is an "applicant for admission" under Section 1225(b)(2)(A).

## 2. Petitioner is "seeking admission."

If an alien is an "applicant for admission," he is also "seeking admission." ***Id.*** at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. ***Id.*** at 1132. DHS encountered him during a traffic stop nine years later, arrested him, initiated removal proceedings, and held him without bond under Section 1225(b)(2)(A). ***Id.*** The Eighth Circuit held that Section 1225(b)(2)(A) authorized the alien's detention without bond. According to that court, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" ***Id.*** at 1135 (citation omitted).

Here, Petitioner was arrested in the United States, where he has lived since 2023. As discussed, he has not been admitted because he never made "lawful entry into the country." *See id.* at 1133. He is "seeking admission" under Section 1225(b)(2)(A).

## 3. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."

Immigration authorities found that Petitioner was subject to removal in 2023, released him, and ordered him to appear before an immigration judge. On February 4, 2026, immigration authorities again found that Petitioner was subject to removal. Petitioner presents no evidence of

any other immigration determination relevant to admission.  He is not "clearly and beyond a doubt entitled to be admitted."  *See* **8 U.S.C. § 1225(b)(2)(A)**.  Section 1225(b)(2)(A) permits the Government to detain him without bond.

**B.  Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme."  *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024).  *See also* ***Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process.  *See* ***Demore***, 538 U.S. at 531.  The Court favorably cited Section 1226(c)'s limitation of detention pending removal.  ***Id.*** at 527-29 (holding that detention pending removal proceedings is not indefinite).  And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings.  ***Baynee***, 115 F.4th at 933.  That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Id.***, *quoting* ***Demore***, 538 U.S. at 527.

Petitioner is properly detained under Section 1225(b)(2)(A).  Like the statute in *Demore*, Section 1225(b)(2)(A) only requires detention pending removal proceedings.  Petitioner concedes that he is detained pending removal proceedings.  He presents no evidence that he is detained for any other reason.  Because Section 1225(b)(2)(A) requires mandatory detention of removable aliens pending deportation, procedural due process requires no more.  *See* ***Baynee***, 115 F.4th at 932.

Petitioner claims that conditional release gave him a liberty interest, which the Government may not revoke without notice and a hearing. (**Doc. 4**). But as discussed, he is a deportable alien who has not been lawfully admitted. So the Government may detain him "simply by reference to the legislative scheme." *See Baynee*, 115 F.4th at 932. The legislative scheme gives the Government discretion to revoke conditional release and detain an alien. *See* **8 U.S.C. § 1226(b)**; **8 U.S.C. § 1182(d)(5)(A)**. The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**.

## II.     Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Minnesota Deer Farmers Ass'n v. Strommen*, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See id.* at 728. *See also Minnesota Deer Farmers*, 146 F.4th at 670 ("The fact that a right is acknowledged to be a liberty covered by the Due Process Clause does not automatically render that right 'fundamental' such that any statutory regulation of that right must be subjected to the highest constitutional scrutiny.").

6

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." *Zadvydas*, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." *Carlson v. Landon*, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See Glucksberg*, 521 U.S. at 721. His substantive due process claim fails for that reason alone. Regardless, removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending deportation proceedings. Such rights are not "deeply rooted in this Nation's history and tradition." *See Minnesota Deer Farmers*, 146 F.4th at 670; *Demore*, 538 U.S. at 523 n.7 ("In fact, prior to 1907 there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings.") (emphasis in original); *Romero v. Brown*, 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right [she] actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See Baynee*, 115 F.4th at 931-33. Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See Demore*, 538 U.S. at 528.

7

**III. Petitioner's APA claim fails because he has an adequate remedy in court.**

The APA only "provides for review of a final agency action for which there is no other adequate remedy in a court." *See Union Pac. R.R. Co. v. United States R.R. Ret. Bd.*, 162 F.4th 908, 917 (8th Cir. 2025). The "no other adequate remedy" requirement ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review." *Bangura v. Hansen*, 434 F.3d 487, 501 (6th Cir. 2006); *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (holding that APA claims and habeas claims follow different litigation paths). *See also Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973) (holding that habeas corpus is "the specific instrument to obtain release" from unlawful confinement).

Here, even if Petitioner challenges a final agency action, this petition provides judicial review of the Government's decision to revoke his release and detain him. As discussed, 28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See Zadvydas*, 533 U.S. at 687. So there is an "adequate remedy in court," which precludes Petitioner's APA claims. *See Union Pac. R.R.*, 162 F.4th at 917. *See also Dominguez v. Mordant*, 2026 WL 1098252, at *3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition"); *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences).

**Conclusion**

Petitioner's continued detention does not violate procedural due process or substantive due

process.  And his APA claim fails.  The Petition for a Writ of Habeas Corpus is DENIED.


**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2026

9